COLÓN, DEMANDANTE Y APELADO, *v.* POU ET AL., DEMANDADOS, Y APELANTE EL PRIMERO.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre cobro de dinero.

No. 1959.—Resuelto en abril 4, 1919.

ALEGACIONES—INCONGRUENCIAS NO ESENCIALES.—En este caso la demanda alega que los demandados suscribieron el pagaré objeto de la reclamación a favor del demandante, y la evidencia demostró, sin embargo, que tal pagaré fué extendido originalmente a favor de otra persona de cuya sucesión lo hubo el demandante. *Se resolvió:* que la incongruencia entre la alegación y la prueba, si alguna existe, es tan inmaterial que cae dentro de los preceptos de los artículos 136 y 142 del Código de Enjuiciamiento Criminal.

ENMIENDAS DENEGADAS—DISCRECIÓN JUDICIAL—DEUDORES SOLIDARIOS.—Cuando dos personas se han obligado en un pagaré con el carácter de deudores solidarios, no comete error o abuso de discreción la corte al negar permiso para enmendar la contestación a fin de alegar que uno de los demandados firmantes del pagaré era solamente un fiador del otro firmante cuyo hecho constaba al demandante.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Carlos Brunet.*

Abogado del apelado: *Sr. Arturo Ortiz Toro.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Apareció durante el juicio en este caso que el apelante

Lucas Pou en unión de Luis P. Valdivieso, mancomunada y solidariamente otorgaron un pagaré por la suma de $300 con sus intereses. El nombre del librado quedó en blanco, pero fué entregado el pagaré al demandante Ramón Colón Alvarez para su negociación. Este lo llevó donde Leopoldo Cabasa, quien después de mostrar alguna oposición debido a la falta de responsabilidad pecuniaria de los firmantes de dicho documento, convino finalmente en aceptarlo. Leopoldo Cabasa falleció poco más tarde y el apelado después de celebrar una o más entrevistas con la Sucesión de Cabasa y sintiendo estar en la obligación moral de relevar a dicha sucesión de dicho pagaré lo sacó de su poder. Esta segunda entrega tuvo lugar después del vencimiento del expresado pagaré. El apelado llenó con su propio nombre el blanco que había en el pagaré y estableció demanda fundada en el mismo como si fuera él el primitivo librado.

Durante el juicio ofreció enmendar su demanda para establecer los hechos precisamente como habían ocurrido, pero al oponerse los demandados dejó subsistir la demanda basada en la teoría, según el criterio que de ella tenemos, de que la incongruencia, si alguna existía, era inmaterial. Después de desarrollarse los hechos durante el juicio, los demandados solicitaron permiso para enmendar su contestación y alegar en efecto que el demandado Pou era solamente un fiador del demandado Valdivieso y que el apelado conocía bien las relaciones que existían entre dichos demandados. En la contestación, según fué radicada, en tanto era específica meramente se negaba que los demandados hubieran otorgado el pagaré tal como se describía en la demanda. La corte negó la enmienda y dictó sentencia a favor del demandante de acuerdo con la súplica de la demanda. Los señalamientos de error se fundan en una supuesta incongruencia y la negativa a que se hiciese la enmienda a la contestación.

No existió incongruencia alguna. Al entregar los demandantes el pagaré en blanco, ello implicaba una autorización o mandato para cualquier persona a cuyo poder fuera dicho

documento de llenarlo con su propio nombre. Y esto era cierto lo mismo antes que después del vencimiento, puesto que las únicas defensas adicionales que tiene el obligado después del vencimiento son aquellas que podría haber tenido contra la persona que aceptó el pagaré, que en este caso era Cabasa o su sucesión. El llenar el blanco con el nombre del tenedor de dicho pagaré no tenía ninguna relación con dichas defensas.

Además, al comprar el apelado el pagaré a la sucesión Cabasa compró todos sus derechos y acciones y el hecho de que estableció acción a su nombre suponiendo que esto fuera una incongruencia era tan inmaterial que cae dentro de los preceptos de los artículos 136 y 142 del Código de Enjuiciamiento Civil, los cuales son como sigue:

"Art. 136.—Ninguna incongruencia entre las alegaciones y las pruebas en un juicio se tendrá por esencial, a menos que por su índole y efecto dé lugar a que la otra parte incurra en su perjuicio, en falsas apreciaciones al mantener su demanda o su contestación. Siempre que una de las partes resultare así equivocada, la corte podrá disponer que se enmiende la alegación en los términos que estimare justos."

"Art. 142.—En cualquier estado de un pleito la corte no tomará en cuenta algún error o defecto en las alegaciones o procedimientos que no afecten a lo esencial de los derechos de las partes, y no se revocará o invalidará ningún fallo por razón de dicho error o defecto."

No se cometió error o abuso de discreción al negar la corte a los demandados hacer la enmienda. Su obligación en cuanto a cualquier tenedor o persona que aceptara dicho pagaré era como la de deudores principales solidarios y mancomunados. Y basados en esa teoría ofrecieron ellos el pagaré tal como fué redactado y esa era la obligación por la cual eran responsables.

Según los hechos como fueron desarrollados en el juicio, por el hecho de comprar el apelado el pagaré a la sucesión Cabasa adquirió los derechos de dicha sucesión.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-ciados del Toro, Aldrey y Hutchison.